**In re Stephen Hull Lawrence SNELL, Debtor.**

**Bankruptcy No. 97–61897.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

April 3, 1998.

Jeffrey M. Kellner, Worthington, OH, for Frank M. Pees.

Robert J. Sidman, Randall D. LaTour, Vorys, Sater, Seymour and Pease, Columbus, OH, for the Cuervos.

Grady L. Pettigrew, Jr., Arter & Hadden, Columbus, OH, for debtor.

Stephen Hull Lawrence Snell, Fort Myers, FL, Office of the U.S. Trustee, Columbus, OH.

## OPINION AND ORDER ON MOTIONS TO CONVERT CASE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on two motions to convert this case to one under chapter 7 of the Bankruptcy Code. The motions were filed by the chapter 13 trustee ("Trustee") and creditors Armando, Cathy, Andrew and Cristina Cuervo ("Cuervos"). The Court heard the motions on March 26, 1998.

The Court has jurisdiction in these contested matters under 28 U.S.C. § 1334 and the Order of Reference previously entered in this district. These are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) which this Bankruptcy Judge may hear and determine.

### I. The Trustee's Motion

The Trustee has moved to convert this case to chapter 7 on the basis that the debtor is not eligible for relief under chapter 13. In support of that motion the Trustee relies on 11 U.S.C. § 109(e). That section of the Bankruptcy Code limits relief under chapter 13 to an individual with regular income that owes on the date the petition is filed, noncontingent, liquidated secured debts of less than $750,000 and noncontingent, liquidated unsecured debts of less than $250,000.

The debtor's bankruptcy schedules D, E and F, as amended on March 11, 1998, show two secured debts totalling $173,125. There are no priority unsecured debts and thirteen general unsecured debts, totalling $95,131.41. Evidence at the hearing showed that there were multiple prepetition fraudulent transfers which, upon avoidance, would result in increases in these amounts, especially in the secured debts.

The eligibility difficulty relates to the scheduling of the debt to the Cuervos as disputed with a value of zero. That debt arises from a final state court judgment entered June 7, 1991 which awarded damages in the amount of $262,248.85 against the debtor and his son. Liability had been previously established in 1990 by a default judgment. The 1991 judgment was not appealed. In 1997, however, the debtor sought relief from the judgment under Ohio Civil Rule 60(b). The state court denied that request by a decision entered December 12, 1997. That denial has been appealed.

The proofs of claim filed in this case by the Cuervos, with postjudgment interest, total $424,843.14. The claims were filed as unsecured, although some of that amount could be secured because the judgment was certified in some locations. It appears, however, that if this judgment is found to be liquidated, the amount of debt which would result, either unsecured or secured, would make the debtor ineligible for relief under chapter 13 of the Bankruptcy Code.

The debtor conceded that the claims of the Cuervos are not contingent and that "disputed" is not a term used in § 109(g). He maintains, however, that the debt is unliquidated and, therefore, does not count in the eligibility limits. By placement of the debt in schedule F, he indicates a belief that any debt to the Cuervos is unsecured.

A debt is "liquidated" if its amount is readily and precisely determinable. Conversely, a debt is "unliquidated" if there is a substantial dispute regarding liability or amount. 2 Collier on Bankruptcy,

¶ 109.06[2][c] (Matthew Bender, 15th Ed. Revised 1997).

The Cuervos have a final judgment issued by the Court of Common Pleas of Franklin County, Ohio. That judgment was not appealed. Further, the judgment is specific as to the amount awarded. Interest which has accrued on the judgment is readily and precisely determinable. Accordingly, the debtor's obligation to the Cuervos is liquidated. If the obligation is unsecured, the amount is sufficient to cause the debtor to exceed the debt limitation for chapter 13. The fact that some of the debt may be secured after the fraudulent transfers are avoided does not change that result. As a result, therefore, the Court finds that the Cuervos' debt is liquidated. Accordingly, the Trustee is correct in his assertion that this debtor is not eligible for relief under chapter 13.

The debtor orally requested, however, if it is determined that he is ineligible for relief under chapter 13, that he be permitted to continue his reorganization under chapter 11 of the Bankruptcy Code. The resolution of that request will be determined in connection with the Cuervos' motion.

## II. The Cuervos' Motion

█ The Cuervos urge the Court to convert this case to one under chapter 7 of the Bankruptcy Code. They presented evidence which shows an elaborate scheme by the debtor, assisted by legal counsel other than his current bankruptcy attorney, to conceal and hide his assets from the Cuervos. Indeed the debtor does not now dispute either the facts of the fraudulent transfers, the creation of sham corporations and trusts, transactions having effect only on paper, the movement offshore of certain cash assets or fake gifts. The record of the hearing on these motions is replete with documentary evidence of the scheme. A complaint filed in July 1997 in state court sets out clearly certain of these transfers. (Cuervos' exhibit # 22).

The debtor admits that he deliberately and purposefully set out to put his assets beyond the Cuervos' reach. He believes the judgment against him is improper and has instituted a legal malpractice action against his former attorney for permitting the default judgment to have been taken against him. The debtor asserts that his intentions are now honorable and that he wants to reorganize and pay the Cuervos and his other creditors the full amount this Court declares to be owing. In that context he has asked this Court to estimate the claim of the Cuervos. The propriety of that motion and this Court's ability to entertain it are hotly contested by the Cuervos.

Because the Court has determined, in connection with the Trustee's motion, that this debtor is not eligible for chapter 13 relief, the issues raised by the Cuervos relating to bad faith in the chapter 13 context are no longer relevant. The focus now must be upon whether the debtor may convert his case to chapter 11, a request he has not formally made, or whether this case should be converted to chapter 7.

There was evidence at the hearing on these motions that the debtor has taken numerous unauthorized actions since he filed his chapter 13 case. Some of these actions postdate the transfer of this case to Ohio from Florida and some of them postdate the debtor's retention of his current attorney on January 29, 1998. Specifically, some time after January 26, 1998 the debtor deposited more than $130,000 in a bank account. Those funds represent the proceeds of a sale of one parcel of fraudulently transferred real property. The existence of that sum was not disclosed at his meeting of creditors on February 4, 1998. Some of that money was "invested" in January or February in an account keyed to the peso. In the first part of March the debtor purchased a new Jeep to use in a business venture in Mexico. The debtor apparently later rescinded that transaction after learning that the Cuervos had challenged its appropriateness.

The debtor has recently paid in excess of $40,000 to attorneys without any court order or authorization. Some of those payments were for prepetition work. The debtor also paid $1,400 as a prepayment for a trip he intends to take in October to Italy. He has not informed any banks holding his deposits of his bankruptcy filing and has not filed any

reports of his business operations, receipts or disbursements, even though this case was filed in Florida on August 20, 1997.

In essence, this debtor has operated since he filed bankruptcy exactly as he operated prior to his bankruptcy filing. He indicates a willingness to do what is required, but his actions belie his words. He dislikes the judgment against him and wants the benefit of the bankruptcy stay against execution so he can challenge that judgment, defer its collection, and hopefully eliminate any payment to the Cuervos. He wants all the benefits of a bankruptcy reorganization, but prefers to ignore the associated responsibilities.

This case cannot remain in chapter 13 because of the eligibility requirement. If it were to be converted to chapter 11, as the debtor apparently wishes, a trustee would be appointed upon motion, based upon what this Court has heard to date. This debtor is not capable of fairly avoiding fraudulent transactions he planned. Therefore, the only real question is whether the case should be a chapter 11 case with a trustee or a chapter 7 case with a trustee. It is the preference of the Cuervos that the case proceed under chapter 7.

The debtor opposes conversion to chapter 7 for three reasons. He would lose control of the process; he could lose his assets; and the Cuervos might obtain a nondischargeability ruling. The first and third concerns will be resolved in the same manner in either chapter 7 or 11 because a trustee would be appointed in chapter 11 and the debtor is an individual. *See* 11 U.S.C. § 1141(d)(2). The only real issue, therefore, is whether the debtor may reorganize in chapter 11 by paying his debts from both future income and any proceeds from the pending legal malpractice action or whether the fraudulent transfers should be unwound and those assets liquidated by a panel trustee. One transfer, to an offshore bank, has been unwound and a deposit of $136,011 has been made to the registry of this Court by the person used by the debtor to make that transfer.

Frankly, this Court sees no reason to permit this case to go to chapter 11. The debtor does not need the bankruptcy process to reorganize his business. He stated that he is attempting to take his business in some new directions, but he believes he is competent to handle those matters and does not have business creditors pressuring him. He would not want a chapter 11 trustee operating his business and the Court does not believe he would cooperate with such an effort. Nor does he need that relief.

In chapter 7 a panel trustee could unwind the admitted fraudulent transfers and any yet to come to light. It would be in the debtor's best interests to cooperate with that process. If he prevails in state court on his Ohio Civil Rule 60(b) appeal or if the estate obtains a judgment in its favor in the legal malpractice action now pending, other assets may not need to be liquidated. Likewise, if more assets are available than are needed, any surplus will be returned to him. He will be free to pursue his business interests going forward without interference from the bankruptcy process. Conversion to chapter 7 is certainly better for the bankruptcy system, given the actions and attitudes of this debtor to date. Conversion to chapter 7 could also provide certain relief for the debtor, although that is not the primary focus of this decision.

## III. Conclusion

Based upon the foregoing, the Court hereby **SUSTAINS** the motions of the Trustee and the Cuervos. An order will be entered converting this case to one under chapter 7 of the Bankruptcy Code.

**IT IS SO ORDERED.**